CHARLES A. LORMAN vs. FREDERICK L. SEITZ.

Costs.—Rule in cases appealed from Justice's Court.

*Wayne Circuit, April,* 1871.

*Geo. H. Prentis,* for Plaintiff.

*Wm. Jennison,* for Defendant.

*By the Court,* PATCHIN, J.—This cause was tried in a Justice's
Court and judgment rendered therein for plaintiff for fifty dol-
lars and costs. The defendant thereupon appealed to this
Court, where the jury rendered a verdict for plaintiff for twenty-
five dollars.

Both parties now claim costs.

The first distinction made between appeal cases and others
was provided for in the revised statutes of 1846, by giving costs
to the appellant, if the judgment below should be reduced five
dollars, and to the appellee if no such reduction was made, al-

lowing no such discretion to the Court in cases tried by a jury. *Revised Statutes*, 1846, page 410. sec. 170.

The compiled laws of 1857 leave the question of costs in appeal cases entirely to the discretion of the Court. *C. L.*, § 3863.

In 1867 the law was amended so as again to leave the question of costs to depend upon the increase or reduction of the judgment below. *Laws of* 1867, p. 84.

The next Legislature however repealed this law, leaving the question as it had been established in the compiled laws, entirely dependent upon the circumstances of each case. *Laws of* 1869, p. 33.

Each case, therefore, must be determined upon its own merits. It would seem proper, however, to adopt some general plan in regard to appeal cases, so that litigants may understand as near as may be, what to expect in case of defeat in the Circuit Court.

I am entirely clear that, in cases where the amount is unliquidated and submitted to the jury upon the evidence, if the main issue was as to the right of the plaintiff to recover at all; and if the appellant was the defendant upon that issue then although he may succeed in reducing the judgment of the Court below, still he can be in no better condition than if the case was originally commenced in the Circuit Court, and he had succeeded in reducing the claim of the plaintiff, but had failed as to the main issue. It could hardly be expected that in cases depending so much on the judgment of the jury exactly the same verdict as to amount would be rendered upon a second trial even in the same court. It would, therefore, be more in accordance with strict rules of justice to allow costs to follow the result of the main issue in the case unless some particular reason appears in the course of the trial for a different disposition.

As a general rule it would not be proper to allow costs to follow the judgment in this Court in all cases of trivial amounts in favor of the appellant, even if successful, although a different rule might prevail on judgment, in favor of the appellee.

I am unable to see anything in the case at bar to interfere with the rule here suggested.

Costs must follow the judgment.